# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * *
                                *
MICHAEL VERVERIS,               *
                                *
        Plaintiff,              *        CIVIL ACTION NO.
                                *
    v.                          *
                                *
STEVEN KENT, MICHAEL            *
MITCHELL, CLAYTON ROBERSON,     *
JR., BARRY DELAMARTER,          *
CHRISTOPHER COLLINS, EDWARD     *
VAN ZANDT, JOSEPH GENTILE,      *
JOHN DELANEY, and THE CITY OF   *
SPRINGFIELD                     *
                                *
        Defendants              *
* * * * * * * * * * * * * * * *
```

## COMPLAINT

I.   INTRODUCTION

On January 9, 2011, officers in the Springfield Police Department brutally assaulted a civilian named Michael Ververis in plain view of dozens of bystanders in the Entertainment District.  In an effort to justify this unlawful conduct, these officers fabricated criminal allegations against Mr. Ververis and commenced a conspiracy to withhold and destroy evidence establishing his innocence.  Having been acquitted of these charges in state court, Mr. Ververis now brings this civil rights action seeking compensatory and punitive damages to redress the deprivation of rights secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

II.  PARTIES

1.     Plaintiff MICHAEL VERVERIS of Middletown, Connecticut is and was a

resident of the State of Connecticut and the United States of America at all times

referred to in this complaint.

2.     Defendant STEVEN KENT is a natural person and resident of the

Commonwealth of Massachusetts who, at all times alleged in this complaint, was

employed by the City of Springfield as a sergeant with the Springfield Police

Department.

3.     Defendant MICHAEL MITCHELL is a natural person and resident of the

Commonwealth of Massachusetts who, at all times alleged in this complaint, was

employed by the City of Springfield as a police officer with the Springfield Police

Department.

4.     Defendant CLAYTON ROBERSON, JR. is a natural person and resident of the

Commonwealth of Massachusetts who, at all times alleged in this complaint, was

employed by the City of Springfield as a police officer with the Springfield Police

Department.

5.     Defendant BARRY DELAMARTER is a natural person and resident of the

Commonwealth of Massachusetts who, at all times alleged in this complaint, was

employed by the City of Springfield as a police officer with the Springfield Police

Department.

6.     Defendant CHRISTOPHER COLLINS is a natural person and resident of the

Commonwealth of Massachusetts who, at all times alleged in this complaint, was

employed by the City of Springfield as a police officer with the Springfield Police

Department.

7.    Defendant EDWARD VAN ZANDT is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Springfield as a police officer with the Springfield Police Department.

8.    Defendant JOSEPH GENTILE is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Springfield as a police officer with the Springfield Police Department.

9.    Defendant JOHN DELANEY is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, was employed by the City of Springfield as a sergeant with the Springfield Police Department.

10.   Defendant CITY OF SPRINGFIELD is a municipal corporation located within Hampden County, the Commonwealth of Massachusetts and the United States of America with principal offices at 36 Court Street, Springfield, Massachusetts.

11.   All the INDIVIDUAL DEFENDANTS are being sued individually and in their official capacities.

12.   At all times referred to in this complaint, the INDIVIDUAL DEFENDANTS were acting as employees, agents, or servants of Defendant CITY OF SPRINGFIELD.

13.   At all times referred to in this complaint, the INDIVIDUAL DEFENDANTS were acting under color of state law.

14.   At all times referred to in this complaint, the INDIVIDUAL DEFENDANTS were engaged in a joint venture.

3

III.    JURISDICTION

15.    Plaintiff's action for violation of rights guaranteed by the Fourth, Fifth, and

        Fourteenth Amendments to the United States Constitution is brought pursuant to

        the provisions of 42 U.S.C. § 1983.

16.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 (federal question)

        and 1343 (civil rights).

IV.    VENUE

17.    This action is properly brought in the Western Division of the United States

        District Court for the District of Massachusetts under 28 U.S.C. §§ 1391(b)(1)

        and (2) because the events at issue in the case arose and transpired in the Western

        Division of the District of Massachusetts.

V.    FACTUAL ALLEGATIONS

18.    On January 9, 2011, Defendants KENT, MITCHELL, ROBERSON,

        DELAMARTER, COLLINS, and VANZANDT were stationed in the

        Entertainment District of Springfield in their capacity as officers in the "Street

        Crimes Unit."

19.    At approximately 2:10 a.m., Plaintiff was the front seat passenger in a Sports

        Utility Vehicle ("SUV") operated by Thomas Derosa.

20.    At that time, the SUV reached the corner of Stearns Square and Worthington

        Street.

21.    As Derosa waited for an opening in the traffic to make a right onto Worthington

        Street and exit the Entertainment District, Defendant KENT approached the

        vehicle, addressed Plaintiff, and demanded the SUV's immediate departure.

4

22.   Plaintiff advised Defendant KENT that, due to the high volume of traffic, it was

impossible to comply with Defendant KENT's demand.

23.   During this brief exchange, Plaintiff did not commit the crime of disorderly

conduct or violate any other local, state, or federal law.

24.   When an opening in the traffic presented itself, Derosa made a right hand turn

onto Worthington Street.

25.   As Derosa did so, Defendant KENT struck the rear of the SUV with his nightstick

or flashlight.

26.   Derosa subsequently stopped the vehicle on Worthington and went to the back of

the SUV to inspect the damage caused by Defendant KENT.

27.   After Defendant KENT admitted striking the vehicle, he ordered Derosa to return

to the SUV and leave the area.

28.   Upon his return to the SUV, Derosa shouted out the window next to Plaintiff that

he wanted Defendant KENT's badge number.

29.   In response, Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER

approached Plaintiff and forcibly removed Plaintiff from the vehicle.

30.   The forcible removal of Plaintiff from Derosa's SUV was not justified.

31.   During and after his forcible removal from Derosa's SUV, Plaintiff did not resist

efforts on the part of Defendants KENT, MITCHELL, ROBERSON, and

DELAMARTER to place him into custody.

32.   Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER

nevertheless each either struck Plaintiff or assisted other officers in striking

Plaintiff by lending his/their physical presence and support and the authority of his/their office to the individual officers who committed this assault and battery.

33.  These actions on the part of Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER were not justified.

34.  During the assault and battery of Plaintiff, Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER knew or had reason to know that excessive force was being used against a citizen who was being unjustifiably detained.

35.  Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER nevertheless ignored the realistic opportunity each had to intervene to prevent the harm from persisting.

36.  As other officers secured Plaintiff's hands in handcuffs behind his back, Defendant MITCHELL used his forearm to cut off the supply of blood to Plaintiff's brain.

37.  Defendant MITCHELL continued to apply this chokehold until Plaintiff was rendered unconscious.

38.  The actions of Defendant MITCHELL were not justified.

39.  Defendants KENT, ROBERSON, and DELAMARTER knew or had reason to know that Defendant MITCHELL was utilizing excessive and potentially deadly force against a prisoner who posed no threat to the officers.

40.  Defendants KENT, ROBERSON, and DELAMARTER nevertheless ignored the realistic opportunity each had to intervene to prevent the harm from persisting.

41. Once Plaintiff was rendered unconscious, Defendant ROBERSON dragged Plaintiff through the snow-covered ground by the collar of his shirt, then dumped Plaintiff's body on the ground while kicking him.

42. This action by Defendant ROBERSON was not justified.

43. Defendants KENT, MITCHELL, and DELAMARTER knew or had reason to know that Defendant ROBERSON was utilizing excessive and unnecessary force against a prisoner who posed no threat to the officers.

44. Defendants KENT, MITCHELL, and DELAMARTER nevertheless ignored the realistic opportunity each had to intervene to prevent the harm from persisting.

45. The encounter between Plaintiff and Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER was witnessed by dozens of pedestrians and motorists.

46. Defendants KENT, MITCHELL, ROBERSON, DELAMARTER, VAN ZANDT, and COLLINS, in keeping with a policy and/or custom of Defendant CITY OF SPRINGFIELD, did not obtain statements from any of these percipient witnesses.

47. After Plaintiff was taken into custody, Defendant KENT ordered Derosa to leave the scene and stated: "If I see you in Springfield again, you're going down."

48. Defendant ROBERSON subsequently participated in transporting Plaintiff to the Springfield Police station, located at 130 Pearl Street.

49. As Plaintiff waited to be booked at the police station, he advised Defendant ROBERSON that the handcuffs had been placed on too tightly and one was cutting into the flesh of Plaintiff's wrist.

50. In response to Plaintiff's request that the handcuffs be loosened, Defendant ROBERSON temporarily loosened the handcuffs, then secured them even more tightly causing an injury to Plaintiff's wrist that resulted in a permanent scar.

51. This action by Defendant ROBERSON was not justified.

52. As Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER assaulted and battered Plaintiff on Worthington Street, it came to the attention of Defendant COLLINS that one of the aforementioned percipient witnesses – a woman named Raquel Peroza – was using her smartphone to record the officers who were taking Plaintiff into custody.

53. At the time, Defendant COLLINS knew or should have known that Peroza had a First Amendment right to record officers during the public performance of their duties.

54. Defendant COLLINS nevertheless interfered with Peroza's constitutional rights by threatening to arrest her and seizing Peroza's smartphone without a warrant, a subpoena, or Peroza's permission.

55. During the next eighty-one days, efforts by Peroza to effectuate the return of her smartphone were unsuccessful.

56. Defendants KENT, VAN ZANDT, ROBERSON, MITCHELL, and DELAMARTER each became aware of the fact that Defendant COLLINS had seized a smartphone from a percipient witness and tagged it into evidence either at the scene or upon their return to the police station on the night of Plaintiff's arrest.

57. Following Plaintiff's arrest, Defendant KENT drafted a police report that served
    as the basis for an application for a criminal complaint against Plaintiff for the
    crimes of disorderly conduct, assault and battery of a police officer, resisting
    arrest, and attempted larceny of a firearm.

58. KENT deliberately falsified the allegations that led to the issuance of a complaint
    for these charges.

59. KENT also deliberately omitted any reference to the seizure of evidence from a
    percipient witness by Defendant COLLINS.

60. On January 11, 2011, Springfield Police Commissioner William Fitchett issued an
    order to investigate the circumstances surrounding Plaintiff's arrest based on a
    captain's review of Defendant KENT's police report and a prisoner injury report
    completed by Defendant MITCHELL.

61. When questioned by an internal affairs investigator at the outset of this
    investigation, Defendants KENT, VAN ZANDT, ROBERSON, MITCHELL,
    COLLINS, and DELAMARTER each characterized Defendant KENT's report as
    accurate despite the fact that each knew KENT's report made no reference the
    seizure of evidence from a percipient witness by Defendant COLLINS.

62. By March 26, 2011, Defendants KENT, VAN ZANDT, ROBERSON,
    MITCHELL, COLLINS, and DELAMARTER had each drafted and filed written
    reports with the Internal Affairs Unit; none of these reports disclosed the seizure
    of evidence from a percipient witness by Defendant COLLINS.

63. On March 28, 2011, Plaintiff furnished two videos to the Internal Affairs Unit documenting portions of his arrest, as well as the seizure of Peroza's smartphone by Defendant COLLINS.

64. On April 1, 2011, Peroza went to the Springfield police station and once again requested the return of her smartphone.

65. At that time, Defendant DELANEY served as chief spokesperson for the Department and had been instrumental in the creation of the Street Crimes Unit; Defendant GENTILE worked in the evidence room.

66. Peroza ultimately met with Defendants DELANEY and GENTILE.

67. By the time this meeting took place, neither the existence of Peroza nor her smartphone had been disclosed to Plaintiff or any prosecutor in the Hampden County District Attorney's Office.

68. Prior to disposing of evidence in a pending criminal case, regulations required Springfield Police Officers to obtain authorization from a prosecutor in the Hampden County District Attorney's Office.

69. Notwithstanding this policy and the pendency of charges against Plaintiff, Defendant DELANEY ordered Defendant GENTILE to return the smartphone to Peroza.

70. Neither Defendant DELANEY nor Defendant GENTILE instructed Peroza to take any measures to safeguard the smartphone or its contents.

71. Upon receiving her smartphone back, Peroza examined it and discovered that the recording she had made of Plaintiff's arrest had been erased.

72. On April 22, 2013, the Commonwealth of Massachusetts voluntarily dismissed
    the attempted larceny of a firearm charge against Plaintiff.

73. Three days later, on April 25, 2013, Plaintiff was acquitted of the three remaining
    charges after a bench trial before the Honorable Mark Mason, Justice of the
    Springfield District Court.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
### (Kent, Mitchell, Roberson, Delamarter, Collins, and Van Zandt)

74. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

75. The aforesaid actions and conduct by Defendants KENT, MITCHELL,
    ROBERSON, DELAMARTER, COLLINS, and VAN ZANDT violated
    Plaintiff's right to be free from an unreasonable seizure as guaranteed by the
    Fourth and Fourteenth Amendments to the United States Constitution.

76. As a result of the above-described violation of rights, Plaintiff suffered great pain
    of mind and body and was otherwise damaged.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (Kent, Mitchell, Roberson, and Delamarter)

77. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

78. The aforesaid actions and conduct by Defendants KENT, MITCHELL,
    ROBERSON, and DELAMARTER violated Plaintiff's rights to be free from the
    use of unreasonable and excessive force and summary punishment as guaranteed
    by the Fourth, Fifth, and Fourteenth Amendments to the United States
    Constitution.

79. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

**COUNT III – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO INTERVENE**
**(Kent)**

80. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

81. Defendant KENT held the rank of Sergeant at all times referenced in this complaint.

82. As a result of his superior rank, Defendant KENT had supervisory responsibility over Defendants MITCHELL, ROBERSON, and DELAMARTER.

83. Defendant KENT ignored realistic opportunities he had to prevent these subordinate officers from utilizing excessive and unreasonable force in the unjustified detention and arrest of Plaintiff.

84. As a direct and proximate cause of the aforesaid actions and conduct of Defendant KENT, Plaintiff suffered great pain of mind and body and was otherwise damaged.

**COUNT IV – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO INTERVENE**
**(Mitchell, Roberson, and Delamarter)**

85. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

86. Defendants MITCHELL, ROBERSON, and DELAMARTER had reason to know that excessive and unreasonable force was being utilized by fellow officers in the unjustified detention and arrest of Plaintiff.

12

87. Defendants MITCHELL, ROBERSON, and DELAMARTER nevertheless
    ignored realistic opportunities each had to prevent fellow officers from persisting
    in the use of excessive and unreasonable force.

88. As a direct and proximate cause of the aforesaid actions and conduct by
    Defendants MITCHELL, ROBERSON, and DELAMARTER, Plaintiff suffered
    great pain of mind and body and was otherwise damaged.


**COUNT V – VIOLATION OF 42 U.S.C. § 1983 – DUE PROCESS**
**(Individual Defendants)**

89. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

90. The aforesaid actions and conduct by the INDIVIDUAL DEFENDANTS violated
    Plaintiff's right to due process by withholding, concealing, suppressing, and/or
    destroying material evidence in contravention of protections set forth in the Fifth
    and Fourteenth Amendments to the United States Constitution.

91. As a direct and proximate cause of the aforesaid actions and conduct by the
    INDIVIDUAL DEFENDANTS, Plaintiff suffered great pain of mind and body
    and was otherwise damaged.


**COUNT VI – VIOLATION OF 42 U.S.C. § 1983 – CONSPIRACY**
**(Individual Defendants)**

92. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

93. The aforesaid actions and conduct by the INDIVIDUAL DEFENDANTS
    constituted a conspiracy to violate Plaintiff's right to due process by withholding,
    concealing, suppressing, and/or destroying material evidence in contravention of

13

protections set forth in the Fifth and Fourteenth Amendments to the United States Constitution.

94. As a direct and proximate cause of the aforesaid actions and conduct by the INDIVIDUAL DEFENDANTS, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT VII – VIOLATION OF 42 U.S.C. § 1983 – UNCONSTITUTIONAL POLICY
### (City of Springfield)

95. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

96. Prior to January 9, 2011, it was a standing policy and/or custom of Defendant CITY OF SPRINGFIELD to encourage successful prosecutorial outcomes by withholding, concealing, suppressing, and/or destroying exculpatory evidence.

97. As a direct and proximate result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT VIII – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO TRAIN
### (City of Springfield)

98. Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

99. Prior to January 9, 2011, Defendant CITY OF SPRINGFIELD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Springfield.

100.    Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to use excessive and unnecessary force during street encounters with civilians.

101.    Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to withhold, conceal, suppress, and/or destroy material evidence.

102.    Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to conceal and/or ignore the existence of material civilian witnesses.

103.    Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to violate the First Amendment right of persons to record police officers in the public performance of their duties.

104.    As a direct and proximate result of the above-described policies and customs, police officers in the Defendant CITY OF SPRINGFIELD, including the INDIVIDUAL DEFENDANTS in this case, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

105.    The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant CITY OF SPRINGFIELD, and were the cause of a violation of Plaintiff's rights alleged herein.

106.    As a direct and proximate result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.


### COUNT IX – VIOLATION OF M.G.L. c. 12, § 11I
### (Kent, Mitchell, Roberson, Delamarter, and Collins)

107.    Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.


15

108.    The above-described actions of Defendants KENT, MITCHELL,

ROBERSON, DELAMARTER, and COLLINS constituted threats, intimidation

and/or coercion that interfered with Plaintiff's exercise and enjoyment of rights

secured by the Constitutions and laws of the United States and the

Commonwealth of Massachusetts.

109.    As a direct and proximate cause of the above-described behavior of

Defendants KENT, MITCHELL, ROBERSON, DELAMARTER, and COLLINS,

Plaintiff suffered great pain of mind and body and was otherwise damaged.


## COUNT X – ASSAULT AND BATTERY
### (Kent, Mitchell, Roberson, and Delamarter)

110.    Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

111.    The above-described actions of Defendants KENT, MITCHELL,

ROBERSON, and DELAMARTER constituted an assault and battery as defined

under the common law of the Commonwealth of Massachusetts.

112.    As a direct and proximate cause of the above-described behavior of

Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER, Plaintiff

suffered great pain of mind and body and was otherwise damaged.


## COUNT XI – FALSE ARREST AND IMPRISONMENT
### (Kent, Mitchell, Roberson, and Delamarter)

113.    Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

114.    The above-described actions of Defendants KENT, MITCHELL,

ROBERSON, and DELAMARTER constituted a false arrest and imprisonment as

defined under the common law of the Commonwealth of Massachusetts.

115.    As a direct and proximate cause of the above-described behavior of

Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER, Plaintiff

suffered great pain of mind and body and was otherwise damaged.


### COUNT XII – MALICIOUS PROSECUTION
### (Kent, Mitchell, Roberson, Delamarter, Collins, and Van Zandt)

116.    Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

117.    The above-described actions of Defendants KENT, MITCHELL,

ROBERSON, DELAMARTER, COLLINS, and VAN DANDT constituted a

malicious prosecution as defined under the common law of the Commonwealth of

Massachusetts.

118.    As a direct and proximate cause of the above-described behavior of

Defendants KENT, MITCHELL, ROBERSON, DELAMARTER, COLLINS, and

VAN ZANDT, Plaintiff suffered great pain of mind and body and was otherwise

damaged.


### COUNT XIII – ABUSE OF PROCESS
### (Kent, Mitchell, Roberson, Delamarter, Collins, and Van Zandt)

119.    Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

120.    The above-described actions of Defendants KENT, MITCHELL,

ROBERSON, DELAMARTER, COLLINS, and VAN DANDT constituted an

abuse of process as defined under the common law of the Commonwealth of Massachusetts.

121.    As a direct and proximate cause of the above-described behavior of Defendants KENT, MITCHELL, ROBERSON, DELAMARTER, COLLINS, and VAN ZANDT, Plaintiff suffered great pain of mind and body and was otherwise damaged.


## COUNT XIV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Kent, Mitchell, Roberson, and Delamarter)

122.    Plaintiff repeats and re-alleges paragraphs 1-73 of this complaint.

123.    The above-described actions of Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER constituted an intentional infliction of emotional distress as defined under the common law of the Commonwealth of Massachusetts.

124.    As a direct and proximate cause of the above-described behavior of Defendants KENT, MITCHELL, ROBERSON, and DELAMARTER, Plaintiff suffered great pain of mind and body and was otherwise damaged.


        WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

        a)  Award compensatory damages;
        b)  Award punitive damages;
        c)  Award interest and costs of this action to Plaintiff;
        d)  Award attorneys' fees to Plaintiff; and

e)   Award such other relief which this Court deems just and proper.


\*       \*       \*       \*       \*       \*       \*

PLAINTIFF DEMANDS A JURY TRIAL


Respectfully Submitted,
THE PLAINTIFF,

By /s/ David Hoose
   /s/ Luke Ryan
DAVID P. HOOSE,  BBO#239400
LUKE RYAN, BBO#664999
SASSON, TURNBULL, RYAN & HOOSE
100 Main Street, Third Floor
Northampton, MA  01060
(413) 586-4800

19