UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS – WESTERN DIVISION

CIVIL ACTION NO: 3:13-CV-30175-MAP

| | |
|---|---|
| **MICHAEL VERVERIS** | ) |
|     **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **STEVEN KENT, MICHAEL MITCHELL** | ) |
| **CLAYTON ROBERSON, JR., BARRY** | ) |
| **DELAMARTER, CHRISTOPHER COLLINS,** | ) |
| **EDWARD VAN ZANDT, JOSEPH GENTILE** | ) |
| **JOHN DELANEY, and THE CITY OF** | ) |
| **SPRINGFIELD** | ) |
|     **Defendants** | ) |

**DEFENDANT, CITY OF SPRINGFIELD STATEMENT OF UNDISPUTED FACTS PURSUANT TO L.R. 56.1**

The facts cited below come directly from the *Plaintiff's complaint* (see Dct. No.: 1), the *Plaintiff's Answers to the City's Interrogatories* (hereinafter "Exhibit 1"), *the Plaintiff's Deposition* (hereinafter "Exhibit 2") and the *Plaintiff's Responses to the City's Document Requests* (hereinafter "Exhibit 3").

1. At about 11:30pm on January 8, 2011, the Plaintiff and two friends, Chauncy Hardy and Tom Derosa, patronized "Club Glo" in the City of Springfield. *See Exhibit 2 at pg. 29-30*.

2. The Plaintiff left Club Glo with his friends at approximately 2:00am on January 9, 2011. *See Exhibit 2 at pg. 38*.

3. As the Plaintiff exited the club he noticed that the street was "very congested" with people. *See Exhibit 2 at pg. 39*.

4. The Plaintiff and his friends walked from the club, located on Worthington Street, to Tom Derosa's car which was parked near Sterns Square. *See Exhibit 2 at pg. 39*.

5. The Plaintiff sat in the front seat passenger side of the vehicle and Tom Derosa was driving. *See Ververis et al v. Kent et al*, 3:13-cv-30175-MAP, Dct No.:1 at *¶ 18*.

6. The Plaintiff alleges that as Derosa waited to turn onto Worthington Street, Sergeant Kent approached the passenger side and told the Plaintiff to "Get out of here." *See Exhibit 2 at pg. 49*.

7. The Plaintiff alleges that when Derosa turned on to Worthington Street, the Plaintiff heard "a bang" at the rear of the vehicle. *See Exhibit 2 at pg. 50*.

8. Derosa got out of the vehicle but two or three officers "rushed" him back into the vehicle. *Id*.

9. After Derosa got back into the vehicle, he rolled down the passenger window and shouted at the officers. *Id*.

10. At this point, the officers rushed the Plaintiff's window and began punching the Plaintiff. *Id*.

11. The Officers forcibly removed the plaintiff from the vehicle. *See Ververis et al v. Kent et al*, 3:13-cv-30175-MAP, Dct No.:1 at ¶¶ 28-30.

12. Once out of the vehicle, the plaintiff claims that, despite the fact that he offered no resistance to being arrested, he was variously struck and choked until rendered unconscious. *Id at ¶¶ 31-40*.

13. The plaintiff claims that once he was rendered unconscious, the defendant police officer Roberson (hereinafter "Roberson) dragged the plaintiff through the snow-covered ground

by the collar of his shirt and then dumped his body on the ground while kicking him. *Id at* ¶¶ 41-44.

14. The plaintiff was then transported to the police station, located at 130 Pearl Street, where the plaintiff alleged he advised Roberson that the handcuffs had been placed too tightly around his wrist, the plaintiff alleged that Roberson temporarily loosened them and then secured them even tighter causing the Plaintiff's wrists to have permanent scars. *Id at* ¶¶ 48-51.

15. It is alleged that the defendant officer Kent (hereinafter "Kent") drafted a false report that served as the justification for criminal charges of disorderly conduct, assault and battery of a police officer, resisting arrest and attempted larceny of a firearm. *Id. at* ¶¶ 57-58.

16. The plaintiff further alleges in his complaint that though numerous witnesses were in the vicinity at the time of the arrest, police personnel did not obtain any statements from those witnesses. *Id. at* ¶¶ 45-46.

17. The plaintiff alleges that at one point one of the witnesses, Raquel Peroza, was using her smartphone to record the officers who were taking the plaintiff into custody and the defendant police officer Collins (hereinafter "Collins") threatened her arrest and seized her smartphone without a warrant, a subpoena, or Peroza's permission. *Id. at* ¶¶ 52-56.

18. Aware of the existence of that seized smartphone, the plaintiff asserts that the defendant police officers Kent, Van Zandt, Roberson, Mitchell, Collins and Delamarter did not disclose that information during the course of an internal affairs investigation. *Id. at* ¶¶ 56; 60-62.

19. As to the criminal charges brought against the plaintiff, the complaint states that the attempted larceny of a firearm charge was dismissed voluntarily by the Commonwealth

in April, 2013 and, that same month and following a bench trial, the plaintiff secured an acquittal as to the remainder. *Id. at* ¶¶ 72-73.

                        **THE DEFENDANT,**
                        **CITY OF SPRINGFIELD**
                        By Its Attorneys

/s/  John T. Liebel

_____
John T. Liebel, Esq. BBO # 299660
Chief of Litigation
City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA  01103
Phone:  413-787-6085
Fax:     413-787-6173
Email:  jliebel@springfieldcityhall.com

/s/  Anthony I. Wilson

_____
Anthony I. Wilson, Esq. BBO # 682573
Associate City Solicitor
City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA  01103
Phone:  413-787-6085
Fax:     413-787-6173
Email:  awilson@springfieldcityhall.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Defendant's Motion was served upon the Plaintiff on this   12th   day of December, 2014 via the Federal Court's ECF Notice and delivery System to all parties.

SIGNED under the penalties of perjury.

Date: December 12, 2014

/s/  Anthony I. Wilson
_____
Anthony I. Wilson, Esq.